**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

     MICHELLE LAMONT,

         Plaintiff,

vs.

     CONNECTICUT GENERAL LIFE INSURANCE COMPANY, d/b/a CIGNA GROUP INSURANCE,

         Defendant.

---

## COMPLAINT

---

     COMES NOW the Plaintiff, Michelle Lamont, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendant.

## PARTIES

     1.     Plaintiff, Michelle Lamont, is a natural person and citizen of the State of Colorado, with a current address of 10192 South Woodrose Lane, Highlands Ranch, Colorado 80129.

     2.     Defendant Connecticut General Life Insurance Company d/b/a CIGNA ("Defendant CIGNA") is a corporation and/or similar business entity which regularly conduct business in the State of Colorado.  This Defendant does business as part of CIGNA Group Insurance.  Defendant is the Administrator and/or Insurer of the employee benefit at issue, and

maintains an office in Dallas, Texas.  The Defendant's registered agent for service of process is the Colorado Division of Insurance, 1560 Broadway, Suite 850, Denver, Colorado 80202.

## JURISDICTION AND VENUE

3.      At all pertinent times, Defendant administered and/or insured an employee benefit plan which provides long-term disability ("LTD") and other insurance benefits (including waiver of other premium benefits) to employees of Martin Marietta, which became Lockheed Martin Corporation ("Lockheed").  The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.*, ("ERISA").  Upon information and belief, the Plan has delegated to CIGNA its obligation to make all benefit decisions at issue in this claim.

4.      At all pertinent times, Plaintiff was a full-time employee of Lockheed and/or was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

5.      Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including coverage for LTD benefits subject to the terms and conditions of the policy.

## JURISDICTION AND VENUE

6.      This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including her rights under ERISA and the subject ERISA Plan/policy.

7.      Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## **STATEMENT OF THE FACTS**

8.      At all pertinent times, Plaintiff was employed by Lockheed as a specialist-contract administrator, which is a position that required sedentary level work, but includes higher cognitive functions such as communication, math, multi-tasking, etc.  Plaintiff was an active, full-time employee and therefore satisfied all eligibility requirements for, and was a "participant" in the Plan (and/or a "beneficiary" of the Plan) within the meaning of ERISA.

9.      By approximately May 12, 1990, Plaintiff became disabled due to multiple health issues including but not limited to fibromyalgia, chronic fatigue immune dysfunction syndrome, and various other immune disorders, and related conditions.

10.      These medical conditions prohibit Plaintiff from continuing to perform the requirements of her job at Lockheed on a regular and consistent basis.

11.      Plaintiff's position requires the ability to work on a full-time basis, including but not limited to the ability to perform the tasks referred to in ¶8, *supra*.

12.      As the aforementioned conditions prevented her from working on a full-time and regular basis, and from otherwise performing the other material requirements of her own and/or other reasonable occupation, Plaintiff applied to the Plan, through the Defendant, for long term disability benefits ("LTD"), beginning in or around 1990.

13.      Plaintiff applied for LTD benefits effective November 12, 1990 (after having received short term disability and completing the Plan's elimination period).

14.      The Plan provides, in pertinent part, that an employee is disabled if that employee is unable to engage in the materials duties of his or her regular occupation due to sickness or injury for 12 months, and thereafter if disabled from any reasonable occupation.

15.     At all pertinent times Plaintiff:

      a.     Suffered from a sickness/illness;

      b.     Was unable to perform the essential duties of her occupation (or any other reasonable occupation) due to said sickness; and

      c.     Was, and is, unable to perform the essential functions of her own occupation, and/or any other occupation for which she is qualified.

16.     On or about December 19, 2013, Defendant discontinued Plaintiff's claim for LTD benefits, and for other premium waiver benefits.

17.     Thereafter, Plaintiff timely submitted the various appeals required by the Plan document, and requested a review of her claim.  Plaintiff provided additional medical documentation and other information in support of her claim, including statements from her treating health care providers.  Plaintiff filed her appeal on or before the Plan's 180 day deadline.

18.     Plaintiff also included additional information with her appeals, including medical records demonstrating the nature and extent of her ongoing disability and including supporting records.

19.     Defendant refused to alter its position and issued its final denial of Plaintiff's claim on or about May 1, 2014.

20.     Defendant's determination is against the weight of medical evidence, including but not limited to the opinions of Plaintiff's physicians and/or healthcare providers, and/or medical restrictions on Plaintiff's activities.

21.     Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence

indicating that Plaintiff's medical condition prevents her from engaging in her own or any other occupation.  This includes, without limitation, her inability to work forty (40) hours per week.

22.     Defendant has unreasonably refused to pay LTD and/or other benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff, subsequent to Defendant's denial of benefits.

23.     The aforementioned Plan and/or policy also provides for a premium waiver of health insurance premiums.

24.     Defendant has denied that benefit as well, which was also arbitrary and capricious.

25.     Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed, as to both LTD and the premium waiver benefits.

**CLAIM FOR RELIEF:**
**VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS**
**PLAINTIFF V. DEFENDANT**

26.     At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD benefits, as set forth above.

27.     At all pertinent times, Defendant was a claim fiduciary, fiduciary and/or administrator of the Plan, and/or claim administrator, within the meaning of ERISA.

28.     Defendant was otherwise delegated the authority to administer claims for LTD benefits by the Plan.

29.     At all pertinent times, Plaintiff met the criteria for LTD and/or premium waiver benefits under the Plan including that she was unable to perform the functions of her own and/or any other occupation, and provided reasonable documentation (medical or otherwise) of that fact.

30.     Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

31.     Defendant's wrongful conduct includes, but is not limited to:

A.     Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers;

B.     Failing to provide an adequate review and appeal;

C.     Failing to act in Plaintiff's best interests;

D.     Failing to consider credible evidence of functional impairments;

E.     Failing to consider Plaintiff's prior medical history;

F.     Failing to reasonably interpret and apply the terms of the Plan; and

G.     Failing to conduct a reasonable investigation.

32.     As a matter of law, Defendant has an inherent conflict of interest in this matter as claims administrator and guarantor.

33.     Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost LTD benefits and loss of insurance premium waiver benefits.

## DAMAGES

34.     The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to:  Past and future economic damages, including but not limited to loss of LTD benefits.  Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant CIGNA and/or the Plan as follows:

A.      A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

B.      An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or to return them to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct, including payment of health insurance premiums otherwise covered by the policy;

C.      Retroactive reinstatement of LTD benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b), as well as an order, requiring Defendant to process Plaintiff's claim for future LTD disability benefits.

D.      Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

E.      Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1); and

F.      Such other and further relief as this Court deems just and appropriate.

DATED this 2nd day of April, 2015.

Respectfully submitted,

SILVERN   & BULGER, P.C.

*s/Thomas A. Bulger, Esq.*
Thomas A. Bulger, Esq.
Counsel for Plaintiff
4800 Wadsworth Boulevard, Suite 307
Wheat Ridge, Colorado   80033
(303) 292-0044
Facsimile (303) 292-1466
Email: counsel@silvernbulger.com

<u>Plaintiff's Address</u>:
10192 South Woodrose Lane
Highlands Ranch, Colorado   80129